IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* SUSAN HEATH, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:99-CV-100-M |
| DALLAS/FORT WORTH INTERNATIONAL AIRPORT BOARD, | § § § § | |
| Defendant. | § | |

### COURT'S CHARGE TO THE JURY

Members of the Jury:

### GENERAL INSTRUCTIONS

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. My duty was to preside over the trial and to decide what evidence was proper for your consideration. It is now my duty at the end of the trial to explain to you the rules of law that you must follow and apply in answering certain questions of fact.

First, I will give you some general instructions; for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you and to apply that law to the facts

1

as you find them from the evidence in the case. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case. The facts are for you to determine.

You are not to single out any one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me. Regardless of any opinion you have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Closing arguments are not evidence and are not instructions on the law. They are intended only to assist you, the jury, in understanding the evidence and the parties' contentions.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in this case. The function of lawyers is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence, including sworn testimony of witnesses, exhibits, and the parties' stipulations of fact, that control the case. What the lawyers say is not binding on you.

Throughout these instructions, I will refer to Susan Heath as "Plaintiff". I shall refer to Dallas/Fort Worth International Airport Board as "Defendant" or "the Airport".

You are the sole judges of the credibility or believability of each witness and the weight to be given to his or her testimony. In weighing the testimony of each witness, you should consider his or her relationship to the Plaintiff or Defendant; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her candor, fairness and intelligence; his or her opportunity to observe or acquire knowledge concerning the facts; and whether his or her testimony has been supported or contradicted by other credible evidence. You may accept or reject the testimony of any witness in whole or in part.

A witness may be "impeached", or discredited, by a showing that the witness testified falsely concerning some important fact, or by evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory, and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he or she is called an expert witness—is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it. In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness

has been or will be paid for reviewing the case and testifying, or from evidence that he or she testifies regularly as an expert witness and his or her income from such testimony represents a significant portion of his or her income.

Certain testimony has been presented to you through depositions. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. A court reporter was present and recorded the testimony. The questions and answers from various depositions were read or shown to you in this trial. This deposition testimony is entitled to the same consideration and is to be weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence.

Corporations and other organizations, government entities, and individuals are equal before the law, can all be referred to as "persons", and must be treated as equals in a court of justice.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Plaintiff has the burden of proof by a preponderance of the evidence on each of her claims. A preponderance of the evidence means the greater weight and degree of the credible evidence before you; in other words, the amount of evidence that persuades you that Plaintiff's claim is more likely valid than not. In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of Plaintiff's claim by a preponderance of the evidence, you should find for Defendant as to that claim.

A corporation may act only through its employees. It is responsible under the law for acts and statements of its employees which are made within the course and scope of their duties as employees.

Do not speculate as to what Plaintiff's ultimate recovery may or may not be. Any

recovery will be determined by the Court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any. You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be supported by at least ten of you.

## SPECIFIC INSTRUCTIONS

Plaintiff has brought this lawsuit, known as a *qui tam* action, against Defendant pursuant to the False Claims Act. The case is technically brought by Plaintiff as the Relator, in the name of the United States. The False Claims Act authorizes the Attorney General of the United States, and/or private individuals, to bring claims on behalf of the U.S. Government against an individual or company alleged to have knowingly presented to the Government a "false or fraudulent" claim for payment or approval. Under the False Claims Act, a lawsuit filed by a *qui tam* plaintiff may only be dismissed, even over the *qui tam* plaintiff's objection, if the Attorney General of the United States moves for dismissal, gives notice to the *qui tam* plaintiff, and the court, after giving the *qui tam* plaintiff an opportunity for a hearing on the motion, dismisses the case.

If Plaintiff succeeds in her *qui tam* lawsuit, she will receive a portion of any money judgment awarded to the Government. That amount would be determined by me after you have reached your verdict, if you find that Defendant has committed a violation of the False Claims

Act. This amount is not, therefore, a matter for your consideration. In reaching your verdict, you may consider Plaintiff's personal financial interest in this lawsuit as one factor in determining whether she has testified truthfully about any false statement or claims she alleges Defendant made to the Government.

Plaintiff makes two allegations. First, she contends that between 1992 and 1998, the Defendant submitted claims to the United States, through the Federal Aviation Administration (the "FAA"), an agency of the United States Government, knowing that the claims were false or fraudulent.

Second, Plaintiff contends that between 1992 and 1998, the Defendant knowingly made, used, or caused to be made or used, false statements to cause the FAA to pay or approve false or fraudulent claims.

Specifically, Plaintiff contends that the Airport made false statements and submitted false claims to receive federal funding from the FAA for various projects at the Airport. Plaintiff claims that Defendant falsely certified that it would comply with federal environmental laws and regulations, while knowing that the airport's industrial waste system would cause the Airport to be in violation of the Clean Water Act. Plaintiff also alleges that Defendant made, used, or caused to be made or used, false statements to influence the contents of the Environmental Impact Statement of 1991. Plaintiff asserts that the claims and statements were knowingly false and resulted in the FAA awarding Defendant grant money that Defendant otherwise would not have received from the FAA.

The Defendant responds that it did not knowingly make false or fraudulent claims or statements to the FAA or in the Environmental Impact Statement, denies that the statements

Plaintiff contends were false were material to the FAA, and contends that the Government sustained no damages.

To establish a violation of the False Claims Act, Plaintiff must prove, by a preponderance of the evidence, each and all of the following elements:

(1) Defendant presented, or caused to be presented, to the FAA a false or fraudulent claim for payment or approval; or made, used, or caused to be made or used, a false statement to get a false or fraudulent claim paid or approved by the Government; and

(2) Defendant did so knowingly; and

(3) The false or fraudulent statement or claim made by Defendant was material to the FAA's decision to pay or approve the claim.

A false or fraudulent statement is a misrepresentation or concealment, made knowingly, which causes another, in reliance upon the misrepresentation or concealment, to part with some valuable thing belonging to it, or to surrender a legal right. A representation can be false if it is a half truth or creates a false impression, or omits or conceals a material fact.

In this case, a "claim" is a request or demand, made to an agency of the United States Government, whether under a contract or otherwise, for money. The parties have stipulated that the FAA is an agency of the United States Government, and that the Airport's grant applications to the FAA are "claims".

Any false claim, or false statement made in support of a false claim, must be made "knowingly". "Knowingly" means that a person must

(1) have actual knowledge that the claim or statement was false; or

(2) deliberately ignore facts which would demonstrate to a reasonable person that the

>claim or statement was false; or
>
>(3) recklessly disregard facts which would demonstrate to a reasonable person that the claim or statement was false.

A person does not act "knowingly" if his misstatement or omission was the result of an innocent mistake, or negligence.

A person "deliberately ignores" facts if he closes his eyes to what would otherwise be obvious to him.

A person "recklessly disregards" facts if he has a high degree of awareness of the probable falsity of his statement.

If the alleged false claim or statement concerns a promise to do something in the future, such as a promise to comply with environmental laws or regulations, the Plaintiff must show that at the time the Defendant made such a promise, it had actual knowledge that the promise would not or could not be honored, or deliberately ignored facts which would demonstrate to a reasonable person that the promise would not or could not be honored, or recklessly disregarded facts which would demonstrate to a reasonable person that the promise would not or could not be honored. The fact that a person did not keep a promise does not, in and of itself, establish whether or not a statement was knowingly false when made. You must determine whether a statement was knowingly false when made by considering all of the circumstances as reflected in the evidence before you.

With respect to the "assurances" at issue in this case, an assurance is "material" if it was a necessary condition or prerequisite to the FAA's decision to approve or fund the grant application in which such assurance was made; in other words, the FAA's decision to approve or fund the grant application was based on the assumed truth of such assurances. With respect to

the preparation of the Environmental Impact Statement, a statement which the Defendant made, used, or caused to be made or used is "material" if it was a necessary condition or prerequisite to the FAA's decision to approve or fund the grant application to which the statement relates; in other words, the FAA's decision to approve or fund the grant application was based on the assumed truth of such statements.

Finally, you are instructed that Defendant's violation, if any, of environmental laws or regulations does not, in and of itself, give rise to liability under the False Claims Act. To find a violation, you must find that the Defendant knowingly made false statements to the FAA in the assurances or in the preparation of the Environmental Impact Statement, to cause the FAA to fund the grants, and that these knowingly false statements did in fact cause the FAA to fund the grants.

## Damages

If you find a violation of the False Claims Act, then you must separately consider whether the Government suffered any damages as a result of the Defendant's violation(s) of the False Claims Act, and if so, what sum constitutes those damages. Damages are the amount, if any, which the FAA paid to satisfy a false claim over and above what it would have paid if the claim had not been false or fraudulent. Where, in this case, the contention is that the false claim was based on false statements, damages are the amount, if any, which the FAA paid over and above what it would have paid if the truth had been told in the statements; that is, the difference between the amount funded by the FAA on the grants in issue and the amount which would have been funded by the FAA on the grants at issue if the truth had been told in the statements.

**QUESTIONS**

Plaintiff has the burden of proof by a preponderance of the evidence on each question below. If you find she satisfied such burden, answer "Yes" to the question. Otherwise, answer "No".

1. In connection with the following grants, did the Defendant knowingly present, or cause to be presented, to the FAA, a false or fraudulent claim for payment or approval?

Answer "Yes" or "No" as to each grant.

| Grant | "Yes" or "No" |
|---|---|
| 3-48-0064-24-92 | No |
| 3-48-0064-25-92 | No |
| 3-48-0064-31-92 | No |
| 3-48-0064-32-92 | No |
| 3-48-0064-33-93 | No |
| 3-48-0064-37-93 | No |
| 3-48-0064-38-93 | No |
| 3-48-0064-39-93 | No |
| 3-48-0064-42-94 | No |
| 3-48-0064-44-94 | No |
| 3-48-0064-46-94 | No |
| 3-48-0064-47-95 | No |
| 3-48-0064-50-96 | No |

| Grant | |
|---|---|
| 3-48-0064-51-96 | No |
| 3-48-0064-52-97 | No |
| 3-48-0064-54-98 | No |

If ten or more of you answered "No" to all grants in Question No. 1, the Foreperson should sign and date the last page of this charge, and deliver it to the Court Security Officer. If ten or more of you answered "Yes" to any grant in Question No. 1, answer Question No. 2 only as to any such grant(s).

2. In connection with the following grants, did the Defendant knowingly make, use, or cause to be made or used, a false statement to get a false or fraudulent claim paid or approved by the FAA?

Answer "Yes" or "No" as to each grant.

| Grant | "Yes" or "No" |
|---|---|
| 3-48-0064-24-92 | |
| 3-48-0064-25-92 | |
| 3-48-0064-31-92 | |
| 3-48-0064-32-92 | |
| 3-48-0064-33-93 | |
| 3-48-0064-37-93 | |
| 3-48-0064-38-93 | |

| | |
|---|---|
| 3-48-0064-39-93 | |
| 3-48-0064-42-94 | |
| 3-48-0064-44-94 | |
| 3-48-0064-46-94 | |
| 3-48-0064-47-95 | |
| 3-48-0064-50-96 | |
| 3-48-0064-51-96 | |
| 3-48-0064-52-97 | |
| 3-48-0064-54-98 | |

If the same ten or more of you answered "Yes" to any grant in Questions No. 1 or 2, proceed to the following Questions. If the same ten or more of you answered "No" as to all grants in Question No. 1, you were instructed that the Foreperson should sign and date the last page of this charge, and deliver it to the Court Security Officer. If the same ten or more of you answered "Yes" to any grant in Question No. 1, answer Question No. 3 only as to that grant(s). If the same ten or more of you answered "Yes" to any grant in Question No. 2, answer Question No. 4 only as to that grant(s).

3. Was the falsity of the claim found by you in answer to Question No. 1 material to the FAA's decision to pay or approve the following grants?

   Answer "Yes" or "No" as to each grant.

| Grant | "Yes" or "No" |
|---|---|
| 3-48-0064-24-92 | |
| 3-48-0064-25-92 | |
| 3-48-0064-31-92 | |
| 3-48-0064-32-92 | |
| 3-48-0064-33-93 | |
| 3-48-0064-37-93 | |
| 3-48-0064-38-93 | |
| 3-48-0064-39-93 | |
| 3-48-0064-42-94 | |
| 3-48-0064-44-94 | |
| 3-48-0064-46-94 | |
| 3-48-0064-47-95 | |
| 3-48-0064-50-96 | |
| 3-48-0064-51-96 | |
| 3-48-0064-52-97 | |
| 3-48-0064-54-98 | |

4. Was the falsity of the statement found by you in answer to Question No. 2 material to the FAA's decision to pay or approve the following grants?

   Answer "Yes" or "No" as to each grant.

| Grant | "Yes" or "No" |
|---|---|
| 3-48-0064-24-92 | |

| | |
|---|---|
| 3-48-0064-25-92 | |
| 3-48-0064-31-92 | |
| 3-48-0064-32-92 | |
| 3-48-0064-33-93 | |
| 3-48-0064-37-93 | |
| 3-48-0064-38-93 | |
| 3-48-0064-39-93 | |
| 3-48-0064-42-94 | |
| 3-48-0064-44-94 | |
| 3-48-0064-46-94 | |
| 3-48-0064-47-95 | |
| 3-48-0064-50-96 | |
| 3-48-0064-51-96 | |
| 3-48-0064-52-97 | |
| 3-48-0064-54-98 | |

If you answered "Yes" as to any grant in Questions No. 1 or 2, only as to that grant(s), answer Question No. 5. If you answered "Yes" as to the same grant in Questions No. 1 and 2, you should calculate damages only once as to that grant.

5. What sum of money, if any, if paid now in cash, represents the damages suffered by the Government as the result of the conduct found by you in answer to Questions No. 1 and 2? Answer in dollars and cents, if any.

| Grant | Amount, if any ($) |
|---|---|
| 3-48-0064-24-92 | |
| 3-48-0064-25-92 | |
| 3-48-0064-31-92 | |
| 3-48-0064-32-92 | |
| 3-48-0064-33-93 | |
| 3-48-0064-37-93 | |
| 3-48-0064-38-93 | |
| 3-48-0064-39-93 | |
| 3-48-0064-42-94 | |
| 3-48-0064-44-94 | |
| 3-48-0064-46-94 | |
| 3-48-0064-47-95 | |
| 3-48-0064-50-96 | |
| 3-48-0064-51-96 | |
| 3-48-0064-52-97 | |
| 3-48-0064-54-98 | |

**Post-Argument Instructions**

You are the sole and exclusive judges of the facts. You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial. Do not speculate on matters that are not in evidence. Keep constantly in mind that it would be a violation of your own sworn duty to base a verdict on anything but the evidence in this case. You will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

You will now retire to the jury room. In a few minutes I will send you this charge and the exhibits the Court has admitted into evidence. Upon receiving the exhibits and charge, you should select a Foreperson and commence deliberations. Do not deliberate unless all of you are present in the jury room. In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

After you have reached a verdict, your Foreperson must fill in your answers to the written

questions and sign and date the verdict form. To reach a verdict, the same ten of you must agree on the answer to each question. If less than all of you agree, the Foreperson should write the names of the ten jurors who agree. Unless I direct you otherwise, do not reveal your answers until I receive your verdict.

During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

If during the course of your deliberations you wish to communicate with the Court, you should do so only in writing by a note signed by the Foreperson. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with respect to any message or question you might send, that you should never state or specify your numerical division at any time unless I specifically instruct you.

After you have reached your verdict, you will return this charge together with your written answers to the foregoing questions. Do not reveal your answers to anyone besides other members of the jury until such time as you are discharged, unless otherwise directed by me.

Your Foreperson will sign in the space provided on the following page after you have reached your verdict.

You may now retire to the jury room to conduct your deliberations.

**DATED:** July 20, 2006.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　BARBARA M.G. LYNN
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**Verdict of the Jury**

We, the jury, have answered the above and foregoing questions as indicated, and herewith return the same into Court as our verdict.

[If the verdict is not unanimous, list the names of the ten or more jurors who agree on all of the foregoing answers:]

Dated: July 20, 2006.

FOREPERSON